UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

CARLOS MONTEZ SMITH,

     Movant,

v.                                        CASE NO. 2:08-cr-00007
                                          CASE NO. 2:10-cv-01239

UNITED STATES OF AMERICA,

     Respondent.


## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is a document filed by Movant (docket # 75 in his criminal case), on October 18, 2010.  In the "Statement of Claim" section of the document, Movant indicates that he is proceeding in habeas corpus, pursuant to 28 U.S.C. § 2254.  (# 75, at 5.)  Section 2254 addresses petitions for habeas corpus filed by prisoners who are in custody by virtue of their conviction in state court.  Movant is currently in the custody of the State of Ohio (Ross County), on unknown charges, with a detainer issued by the United States Marshals Service lodged against him.  The detainer is based on an arrest warrant and petition to revoke his term of supervised release based on his prior conviction in this Court.

Movant, Carlos Montez Smith (hereinafter referred to as "Defendant"), served a sentence of 30 months upon his guilty pleas to two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (Judgment in a

Criminal Case, # 62.)   He did not take a direct appeal.   On February 19, 2010, Defendant began his term of supervised release. On July 26, 2010, the conditions of Defendant's supervision were modified with his consent (# 72).   On September 20, 2010, the Probation Department filed a petition to revoke Defendant's supervised release due to his allegedly committing a various of violations, and an arrest warrant issued (# 73), followed by the lodging of the detainer.

Defendant's document appears to challenge both his conviction in this Court and the lodging of the detainer.   He asserts that he is "not the person who was convicted which was 'Carlos Montez Smith.'"   (# 75, at 6.)   He identifies himself as the "'secured party' for 'Carlos Montez Smith,' who is the 'debtor,' and is a free, independent, and sovereign state in fact."   Id.

> "Carlos Montez Smith" who you convicted is a juristic person and cannot be found guilty of a criminal offense. Plaintiff has no SSN.   The Southern District Court of West Virginia convicted illegally the wrong person.   The debtor, "Carlos Montez Smith" is not the secured person and the secured person is not the debtor.   In other words as per form #P584472 as contracted by the U.S. Secretary of State in the Security Agreement # CMS-042991-SA. Therefore, Plaintiff demands this conviction be reversed and all criminal records for the "debtor" be expunged.

> Plaintiff is sovereign and has diplomatic status and immunity. * * * Therefore, Plaintiff demands that this court dismiss his detainer and reverse his conviction and expunge his criminal record back to this date.

Id. at 6-7.

In response to this interesting theory, the undersigned

2

entered an Order and Notice (# 77) on October 21, 2010, cited Castro v. United States, 540 U.S. 375, 382-834 (2003), and notified Defendant of the restrictions and limitations under 28 U.S.C. § 2255. Defendant was instructed to notify the Court as to whether he agreed to have his document characterized as a § 2255 motion. Id. On December 8, 2010, Defendant filed his "Demand, Order and Notice" and signed as "Secured Party." (# 78, at 1-2.) He completed an "Authorization," indicating that he does not want his request to be treated as a section 2255 motion and again signed as "Secured Party." Id. at 3-4.

In accordance with Defendant's instructions, the undersigned will not treat document # 75 as a § 2255 motion and will evaluate it on its own merits. It has none. Defendant's theory that his sovereign nature immunizes him from accountability under the criminal laws is frivolous. The undersigned proposes that the presiding District Judge **FIND** that Defendant's document # 75 fails to state a claim upon which relief can be granted and is patently and legally frivolous. It is respectfully **RECOMMENDED** that Defendant's request that his convictions be dismissed and expunged, as set forth in document # 75, be denied with prejudice and his Application to Proceed without Prepayment of Fees and Costs (# 76) be denied.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to

3

the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the United States Attorney and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendations and to mail a copy of the same to Defendant and to counsel of record.

January 6, 2011
Date

Mary E. Stanley
United States Magistrate Judge

4